IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL BASSAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:22-cv-1 |
| ) | |
| SMITH HAULING, INC. ) | JURY DEMAND |
| and REICHARD GREGORY ALAN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the Plaintiff, through counsel, and files the following Complaint:

### PARTIES AND VENUE

1. The Plaintiff, Emmanuel Bassaw, (hereinafter "Plaintiff"), is an adult resident and citizen of Houston, Harris County, Texas. The tortious conduct complained of herein occurred while Plaintiff was at a rest stop in Phenix City, Russell County, Alabama on October 16, 2020.

2. Defendant Smith Hauling, Inc., (hereinafter "Smith Hauling") is a foreign corporation organized under the laws of the State of Pennsylvania and was doing business through agents in the Eastern Division of the Middle District of Alabama at all times material hereto and is subject to the jurisdiction of this Court.

3. Defendant Reichard Gregory Alan, (hereinafter "Alan"), is an adult resident and citizen of Punxsutawney, Jefferson County, Pennsylvania. Upon information and belief, Defendant Alan was operating a tractor-trailer for Defendant Smith Hauling, Inc. in the Eastern Division of the Middle District of Alabama on October 16, 2020 when the tortious conduct complained of herein occurred and thus, Defendant Alan is subject to the jurisdiction of this Court.

4. This Court may exercise jurisdiction over this matter pursuant to 28 U.S. Code §

1

1332, because the Plaintiff is a resident of the State of Texas and the Defendants are residents of the State of Pennsylvania. There is complete diversity of citizenship among the Plaintiff on the one hand and Defendants on the other hand. Moreover, the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Eastern Division of the Middle District of Alabama because the tortious conduct complained of herein took place in Phenix City, Russell County, Alabama, which is located within the Eastern Division of the Middle District of Alabama.

6. This complaint was timely filed because it was filed within two years of the occurrence of the events and/or conduct complained of herein.

## STATEMENT OF FACTS

7. Plaintiff reavers and realleges the preceding allegations in this Complaint as if fully set forth herein.

8. On or about October 16, 2020, Plaintiff parked his tractor trailer at a rest stop located near 410 Martin Luther King Jr. Parkway North in Phenix City, Alabama, and was in his sleeper berth for his required 10 hour off duty time.

9. Defendant Alan was driving a tractor-trailer for Defendant Smith Hauling and he drove to the same rest stop in which Plaintiff had stopped.

10. Suddenly and unexpectedly, Defendant Alan rear-ended the tractor-trailer Plaintiff was sleeping in, knocking Plaintiff out of the sleeper berth and causing him to fall and hit an ice chest and microwave oven.

11. The negligence of Defendant Alan proximately caused injuries and damages to Plaintiff.

## COUNT ONE
## NEGLIGENCE

12. Plaintiff reavers and realleges the preceding allegations in this Complaint as if fully set forth herein.

13. At the aforesaid time and place, Defendant Alan owed a duty to Plaintiff to use reasonable care in the operation of the tractor-trailer he was driving.

14. At the aforesaid time and place, Defendant Alan negligently operated his tractor-trailer in the following respects:

   a. Failing to operate the vehicle at a safe and appropriate speed;

   b. Failing to be vigilant and alert while driving;

   c. Failing to keep a proper lookout;

   d. Otherwise failing to follow the Rules of the Road.

15. As a direct and proximate consequence of Defendant Alan's negligence, Plaintiff was injured and damaged as follows: he suffered bodily injuries; he suffered severe physical pain and is reasonably expected to suffer in the future; he lost income; he was required to seek immediate medical treatment; he incurred medical expenses and may continue to incur medical expenses in the future; he has lost enjoyment and quality of life; he has suffered mental anguish and emotional distress and will continue to suffer mental anguish and emotional distress in the future; and he has been otherwise injured and damaged.

16. Defendant Alan was acting within the line and scope of his duties as an employee and/or agent of Smith Hauling, Inc. at the time of the negligent conduct described above.

WHEREFORE, Plaintiff demands judgment against Defendant Alan and Defendant Smith Hauling, Inc., jointly and severally, in such an amount of damages as may be determined by the trier of fact, plus the costs of this matter.

## COUNT TWO
## NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

17. Plaintiff hereby adopts and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

18. At the aforesaid time and place, Smith Hauling, Inc., owed a duty to the public, including to the Plaintiff, to use reasonable care in the hiring, training and supervision of its employees, including Defendant Alan.

19. At the aforesaid time and place, Smith Hauling, Inc., negligently hired, trained, retained and/or supervised Defendant Alan in one or more of the following respects:

    a. Failed to train Defendant Alan in the safe and appropriate operation of the tractor-trailer;

    b. Failed to supervise Defendant Alan in the use and operation of the tractor-trailer; and

    c. Failed to properly screen Defendant Alan to determine his prior driving history.

20. As a direct and proximate consequence of the negligence of Smith Hauling, Inc., Plaintiff was injured and damaged as set out above.

WHEREFORE, Plaintiff demands judgment against Smith Hauling, Inc., in such an amount of damages as may be determined by the trier of fact, plus the costs of this matter.

## COUNT THREE
## RESPONDEAT SUPERIOR

21. Plaintiff incorporates by reference as if fully set forth herein the allegations set out above.

22. The above-described tortious actions of Defendant Alan were committed while he was acting as agent, servant, and or employee of Smith Hauling, Inc., and were committed within the line and scope of his employment and agency with said Defendant.

23. Upon information and belief, Defendants Smith Hauling, Inc., controlled the manner in which Defendant Alan conducted himself in the operation of the vehicle, including how he should perform back-up procedures.

24. Smith Hauling, Inc., had exclusive control of the training and supervision of Defendant Alan and they directed how he conducted himself while operating the tractor-trailer.

25. As principal of Defendant Alan, Smith Hauling, Inc. is responsible for all of the acts committed by Defendant Alan within the scope of his agency, including the collision that caused the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against Smith Hauling, Inc. for damages in an amount to be determined by a jury together with the costs of this proceeding.

## JURY DEMAND

Plaintiff demands trial by struck jury of all claims so triable.

_____
Tracy W. Cary

Respectfully submitted on this the 30th day of December, 2021.

ALABAMA PERSONAL INJURY LAWYERS, LLC

_____
Tracy W. Cary
ASB-9129-C63T
1 Chase Corporate Drive, Suite 400
Birmingham, AL 35244
205-855-2745 Tel
334-845-8321 Fax
Tracy@AlabamaPersonalInjuryLawyers.com

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**
Reichard Gregory Alan
17245 Route 36
Punxsutawney, PA 15767

Smith Hauling, Inc.
77 Larsen Drive
DuBois, PA 15801-3987